**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ERIC ROMAN POWELL,**

        Case No. 05-71345

    **Petitioner,**

        **HONORABLE DENISE PAGE HOOD**
**v.**        **MAGISTRATE JUDGE PAUL J. KOMIVES**

**CAROL R. HOWES,
Respondent.**
_____

## ORDER ACCEPTING REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation dated March 29, 2006. Petitioner filed a petition for writ of habeas corpus on April 7, 2005. Respondent filed an Answer on October 12, 2005. Petitioner filed a Response to Respondent's Answer on November 21, 2005. The Magistrate Judge recommended that the Court hold an evidentiary hearing as to Petitioner's claims regarding the jury venire and appoint counsel for the hearing. The Magistrate Judge further recommended that the Court deny the writ of habeas corpus as to all other claims. Petitioner filed objections to the Report and Recommendation on April 10, 2006.

## II.  STATEMENT OF FACTS

Petitioner, Eric Roman Powell, is currently a state prisoner at the Lakeland Correctional Facility in Coldwater, Michigan.  On November 9, 2001, following a jury trial, Petitioner was convicted of one count each of assault with intent to commit murder (Mich. Comp. Laws § 750.83), armed robbery (Mich. Comp. Laws § 750.529), and possession of a firearm during the commission of a felony (Mich. Comp. Laws § 750.227b).  The conviction stems from events occurring on March 23, 2000.  Petitioner was found guilty of shooting Jonathon Bowman, a man with whom he sought to purchase drugs.  Nicholas Seals accompanied the Petitioner on that date and time.  Mr. Seals testified as a witness at Petitioner's trial.  After sentencing on December 17, 2001, Petitioner appealed to the Michigan Court of Appeals.  The Court affirmed the conviction and sentence on December 18, 2003.  Petitioner then sought leave, *pro se*, to appeal to the Michigan Supreme Court.  The Supreme Court denied both Petitioner's application for leave to appeal and his subsequent motion for reconsideration.  *See People v. Powell*, 471 Mich. 865, 683 N.W.2d 675 (2004); *see also People v. Powell*, 471 Mich. 922, 688 N.W.2d 830 (2004).

## III.  STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636.  The Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

2

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's Report and Recommendation, Plaintiff is obligated to file objections within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.,* 932 F 2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Objections were filed to the Magistrate Judge's Report and Recommendation and are addressed below.

Upon review of the Magistrate Judge's Report and Recommendation, the Court finds that the Magistrate Judge correctly states the standard of review for a writ of habeas corpus filed under 28 U.S.C. § 2254(d) and 28 U.S.C. § 2254(a).

**IV.  APPLICABLE LAW & ANALYSIS**

Petitioner asserts five claims as grounds for granting a writ of habeas corpus: (1) prosecutorial misconduct during closing argument, (2) that he was denied his constitutional right to a jury drawn from a venire representing a fair cross-section of the community, (3) that the trial court erred in not remanding the case for an evidentiary hearing based on the discovery of new evidence, (4) that the trial court erred in admitting hearsay testimony of statements made by Nicholas Seals, and (5) that the trial court erred

in admitting hearsay testimony as to the statements of Jonathon Bowman. The Magistrate Judge recommended that the Court hold an evidentiary hearing on Petitioner's fair cross-section claim and to deny all other claims. The Court agrees with the Magistrate Judge for the reasons set forth below.

### A.   *Claim I—Prosecutorial Misconduct*

Petitioner contends that the prosecutor's remarks during closing argument were an improper attempt to play on the jurors' emotions so they would return with a guilty verdict. Petitioner argues that the Court should review the claim on the merits despite the procedural default for the following reasons: (1) because his counsel was ineffective, and (2) the Prosecutor's remarks prevented him from receiving a fair trial. The Magistrate Judge correctly determined that Petitioner's prosecutorial misconduct claim was procedurally defaulted and barred from federal habeas review. *See Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991). The Magistrate Judge likewise correctly found that Petitioner had not demonstrated the requisite showing of cause for, and prejudice from, his procedural default in order to overcome the bar for review of this claim. *See Harris v. Reed,* 489 U.S. 255, 263 (1989). The Magistrate Judge based his finding of procedural default on Petitioner's failure to object to the Prosecutor's remarks that "the law of the street wins" if the jury returned a not guilty verdict. (Trial Tr., Vol. IV, at 29-30).

The U.S. Supreme Court has held that review under the procedural default doctrine is barred "unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989).  In affirming Petitioner's conviction and sentence, the Michigan Court of Appeals relied upon a state procedural rule, holding that Petitioner's prosecutorial misconduct claim was barred because Petitioner failed to object to the comments during his trial.  Petitioner has not demonstrated cause by his assertion that his counsel was ineffective for failing to object to the prosecutor's comments during trial.  Petitioner should have raised and exhausted an ineffective assistance of counsel claim in the Michigan courts in order to establish cause for the procedural default.  *See Edwards v. Carpenter,* 529 U.S. 446, 451-52.  The Court finds that Petitioner has not established cause for the procedural default.

The Court agrees that Petitioner has not established prejudice because the prosecutor's remarks that "the law of the street wins" did not deny him a fair trial.  (Trial Tr., Vol. IV, at 29-30).  The Magistrate Judge found that Petitioner failed to show that he was denied a fair trial as a result of the prosecutor's comments.   The Magistrate Judge reasoned that: (1) "the prosecutor explicitly told the jury to base its verdict on 'the evidence and the law'" (Trial Tr., Vol. IV, at 29), (2) the prosecutor's comments were in response to an attack, by Petitioner, on the credibility of Jonathon Bowman, and (3) the

comment was "brief in the context of the entire trial," and the jury was instructed that the comments were not evidence. (R&R at 10-11). The Court agrees with the Magistrate Judge's findings and conclusions as to this issue. Petitioner has failed to show that the comments denied him a fair trial.

In Petitioner's Objection to the Magistrate Judge's Report and Recommendation, Petitioner merely reasserts that he was denied ineffective assistance of counsel. As previously discussed, the Magistrate Judge addressed Petitioner's claim of ineffective assistance of counsel and denial of a fair trial. (R&R at 9). Petitioner has failed to show cause or prejudice from the prosecutor's comments to warrant review of the claim despite the procedural default. *See Harris* at 262. The Court could still review the claim if Petitioner established that failure to review the claim would result in a "fundamental miscarriage of justice." *Id.* Plaintiff has failed to meet this burden because he merely reasserts an argument that the Magistrate Judge has addressed. The Court agrees with the Magistrate Judge's facts and conclusions as to this claim. Petitioner's objection has not persuaded the Court to conclude differently. Petitioner has not met the burden required for this Court to review the claim on the merits.

### B.     Claim III—*Recanting Witness*

Regarding Petitioner's recanting witness claim, the Magistrate Judge concluded that Petitioner was not entitled to habeas relief. Petitioner objects arguing that an evidentiary hearing is necessary because of newly discovered evidence, and because

"Petitioner is actually innocent and that there was prosecutorial misconduct." (Pet'r Obj. at 4). Petitioner, also, argues ineffective assistance of counsel at the state appellate level. The Court restates its conclusions as to Petitioner's claims of ineffective assistance of counsel and prosecutorial misconduct discussed above.

28 U.S.C. § 2254(a) states that a writ for habeas corpus may only be granted for a petitioner held in custody "in violation of the Constitution or laws or treaties of the United States." Therefore, a claim of newly discovered evidence without an underlying constitutional claim, as required by 28 U.S.C. § 2254(a), is not sufficient for the Court to grant a writ of habeas corpus. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). In light of the Court's decision on Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims, there are no constitutional claims underlying Petitioner's claim of newly discovered evidence. As such, the Court adopts the findings and conclusions of the Magistrate Judge as to the recanting witness claim.

    **C.**    **Claims IV & V**—*Evidentiary Claims*

The Magistrate Judge found that Petitioner should not be entitled to habeas relief as to his claims of error in the admission of out of court statements made by Jonathon Bowman and Nicholas Seals. In his Objection, Petitioner argues that Mr. Seals' statements were admitted in error because the use of the statements for impeachment purposes was just "ruse designed as a means to have the otherwise hearsay statement introduced." (Pet'r Obj. at 5). With regard to Mr. Bowman's statements, Petitioner

7

claims that the statements are hearsay because they were asserted "for the truth of the statement." *Id.* The Court has considered Petitioner's objections to the Magistrate Judge's findings on these claims and agrees with the Magistrate Judge. The Magistrate Judge applied the correct law and came to the correct conclusion for the proper reasons. Petitioner is not entitled to habeas relief on either claim.

### D. Claim II—*Fair Cross-Section Claim*

In his application for writ of habeas corpus, Petitioner claims that he was denied his Sixth Amendment right to a jury drawn from a fair cross-section of the community. The Magistrate Judge determined that the Court should find that an evidentiary hearing is necessary to resolve this claim. In order to make out a prima facie for violation of the fair cross-section claim under the Sixth Amendment, Petitioner must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process.

*See Duren v. Missouri,* 439 U.S. 357, 359 (1979); *Taylor v. Louisiana*, 419 U.S. 522, 526-31 (1975). The Magistrate Judge found that the newspaper articles that Petitioner relied on in the state courts "provided some evidence that a distinctive group in the community—African-Americans—[were] systematically excluded in general by Kent County's computer error." (R&R at 14). The Magistrate Judge found that the record before the Court lacked the evidence necessary to determine whether the computer error

8

affected the representation of African-Americans in the pool from which the jurors were drawn in Petitioner's jury trial. The Court agrees with the Magistrate Judge's conclusion. An evidentiary hearing is necessary to properly consider Petitioner's claim

Upon review, the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

### V.    CONCLUSION

Accordingly,

IT IS ORDERED that the Magistrate Judge Paul J. Komives Report and Recommendation **[Docket No. 25]** dated March 29, 2006 is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that a Status Conference on this matter is scheduled for June 12, 2007 at 2:45 p.m.

       /s/ Denise Page Hood
      DENISE PAGE HOOD
      United States District Judge

DATED: May 1, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2007, by electronic and/or ordinary mail.

      S/William F. Lewis
      Case Manager