UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ROMAN POWELL,

    Petitioner,                                       Case No. 05-71345
                                                                            Honorable Denise Page Hood

v.

CAROL R. HOWES,

    Respondent.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION
AND GRANTING APPLICATION FOR WRIT OF HABEAS CORPUS**

**I.    INTRODUCTION/BACKGROUND**

This matter is before the Court on Magistrate Judge Paul J. Komives' Report and Recommendation ("R&R"), filed November 22, 2011 [Doc. No. 66]. Respondent filed Objections to the R&R on December 6, 2011 [Doc. No. 67] and Petitioner filed a Response to the Objections on December 20, 2011 [Doc. No. 70]. Respondent also filed a Motion to Expand the Record [Doc. No. 68] to which a response by the Petitioner was filed [Doc. No. 69].

On November 9, 2001, a jury convicted Petitioner of one count of assault with intent to commit murder, in violation of M.C.L.A. 750.83, one count of armed robbery, in violation of M.C.L.A. 750.529, and possession of a firearm during the commission of a felony, in violation of M.C.L.A. 750.227b. Petitioner was sentenced as a third habitual offender under M.C.L.A. 769.11 to concurrent terms of 16 1/2 to 75 years' of imprisonment on the assault and robbery convictions and a mandatory consecutive term of two years' imprisonment on the felony firearm conviction.

Petitioner filed an appeal as of right to the Michigan Court of Appeals, which was denied

in an Order dated December 18, 2003. The Michigan Supreme Court denied Petitioner's application for a leave to appeal in a standard order dated July 29, 2004 and Petitioner's Motion for Reconsideration in a standard order dated November 22, 2004.

Proceeding *pro se,* Petitioner filed an application for writ of habeas corpus on April 7, 2005. On May 1, 2007, the Court entered an Order adopting the Magistrate Judge's R&R denying Petitioner's claims, except for Petitioner's claim that he was denied his Sixth Amendment right to a jury drawn from a fair cross-section of the community and the Court ordered an evidentiary hearing on the issue. Counsel was appointed for Petitioner pursuant to 28 U.S.C. 2254(b) and Rule 8 of the Rules Governing Section 2254 Cases on July 6, 2007. Petitioner's counsel thereafter moved to amend the habeas petition and moved for a stay of proceedings so that Petitioner may exhaust new constitutional claims counsel developed in preparation for the evidentiary hearing. The Court granted the Motion to Stay in an order September 22, 2008. Petitioner returned to the state court to exhaust his claims. The Michigan Supreme Court eventually entered an order denying Petitioner's application for leave to appeal on May 25, 2010.

Petitioner's case was reopened with this Court on November 9, 2010. Supplemental briefs and additional exhibits were filed by the parties. The Magistrate Judge entered an R&R, as noted above, on November 22, 2011, recommending that the Court grant Petitioner's habeas application based on a denial of Petitioner's Sixth Amendment right to a jury drawn from a fair cross-section of the community. The Court will not address the Equal Protection claim since the Court agrees with the Magistrate Judge that Petitioner is entitled to a new trial based on a violation of Petitioner's Sixth Amendment right to a jury drawn from fair cross-section of the community.

II.     **APPLICABLE LAW & ANALYSIS**

A.      **Respondent's Motion to Expand Record**

Respondent seeks to expand the record to include a transcript of testimony by Kent County Circuit Court Jury Clerk Gail Van Timmeren given in another habeas matter, *Garcia-Dorantes v. Warren,* E.D. Mich. Case No. 05-10172, held on August 25, 2011. Petitioner opposes the expansion of the record stating that the new evidence is not relevant to the procedural default issue since the Court has already ruled on the issue and it appears Respondent is seeking reconsideration of the Court's prior holding as to the procedural default of Petitioner's fair cross-section claim. Additionally, Petitioner claims the new evidence is also not relevant to the procedural default of the Petitioner's Equal Protection claim since that claim is not an issue at this time.

The district judge's review of a Magistrate Judge's R&R is a *de novo* review if timely objections are filed. *Kesler v. Barris, Sott, Denn & Driker, PLLC,* 482 F.Supp.2d 886, 890 (E.D. Mich. 2007). Absent compelling reasons, parties are not allowed to raise new arguments or issues that were not presented to the Magistrate Judge. *See, Murr v. United States,* 200 F.3d 895, 902-03 n. 1 (6th Cir. 2000); *United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998). Efforts to raise new evidence not before the Magistrate Judge are generally disfavored, particularly where the objecting party could have submitted the evidence much sooner. *Coleman v. Dahlstrom,* 2006 WL 644477, *1 (W.D. Mich. Mar. 9, 2006); *Virgin Enterprises Ltd. v. Virgin Cuts, Inc.,* 149 F.Supp.2d 220, 223 (E.D. Mich. 2000).

The Court notes that Respondent has had notice of the remaining fair cross-section claim since the Court's May 1, 2007 Order. When the case was reopened in November 2010, the parties submitted supplemental briefs to the remaining issue. Respondent, as late as July 2011, filed a supplemental brief on the issue. The R&R was not issued until November 22, 2011. Not until after

3

the R&R was issued did Respondent seek to expand the record. The transcript was not before the Magistrate Judge when the R&R was issued, even though Respondent had knowledge of the August 25, 2011 transcript prior to the issuance of the R&R. The Court denies Respondent's Motion to Expand the Record since the Magistrate Judge did not have a copy of the transcript when the R&R was issued and Respondent had the opportunity to submit the transcript well before the Magistrate Judge issued the R&R.

   **B.**  **Standard of Review of R&R**

The standard of review to be employed by the Court when examining an R&R is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C.§ 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.

In order to preserve the right to appeal the Magistrate Judge's recommendation, Petitioner must have filed objections to the Report and Recommendation within fourteen days of service of a copy of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

   **C.**  **Report and Recommendation**

      **1.**  **Procedural Default**

The Magistrate Judge recommends that the Court reject the Respondent's argument that Petitioner's remaining Sixth Amendment claim is procedurally barred. Respondent objects to the

Magistrate Judge's findings. The Court agrees with the Magistrate Judge that the procedural default doctrine is inapplicable because Petitioner or his counsel had no reason to suspect that his rights were violated until the jury department employee's actions were publicly disclosed well after Petitioner's trial. The Court agrees with the Magistrate Judge that Petitioner has shown the employee's actions are sufficient to establish cause to overcome Petitioner's procedural default in failing to object at trial and in failing to raise the claim on direct appeal.

### 2. Sixth Amendment Fair Cross-Section Claim

In order to establish a *prima facie* violation of the fair cross-section requirement under the Sixth Amendment, a petitioner must show: 1) that the group alleged to be excluded is a "distinctive" group in the community; 2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and, 3) that this under-representation is due to a systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). The burden shifts to the respondent to show that a significant state interest is manifestly and primarily advanced by those aspects of the jury selection process that result in the disproportionate exclusion of a distinctive group if the petitioner establishes a *prima facie* violation. *Id.* at 367-68. Respondent objects to the Magistrate Judge's consideration of the factual record and the Magistrate Judge's conclusion that Petitioner met the *prima facie* test set forth in *Duren*.

The Court agrees with the Magistrate Judge that the first prong of the *Duren* test has been met. The Supreme Court has recognized that African-Americans are a "distinctive" group in the community, satisfying the first prong of *Duren*. *Peters v. Kiff,* 407 U.S. 493, 498 (1972).

As to the second prong of the *Duren* analysis, a case-by-case approach is taken in order to

determine how to measure under-representation. *See, People v. Smith,* 463 Mich. 199 (2000). Based on the evidence before the Magistrate Judge and the Magistrate Judge's analysis of the evidence, the Court agrees that the comparative disparity analysis sufficiently established that African-Americans were under-represented on the venire from which the jury was selected. The second prong of the *Duren* analysis has been met.

The Court agrees with the Magistrate Judge that the third prong of the *Duren* analysis has been met. The under-representation of minorities was inherent in the jury selection process utilized in Kent County at the time the computer "glitch" existed. The Court agrees that the "systematic exclusion" can be shown by a large discrepancy repeated over time such that the system must be said to bring about the under-representation which occurred over 16 months. The Court further agrees that the Respondent has not provided any argument to meet its burden that a significant state interest was manifestly and primarily advanced by those aspects of the jury selection process that resulted in the disproportionate exclusion of a distinctive group.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Paul J. Komives' November 22, 2011 Report and Recommendation [**Doc. No. 66**] is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Respondent's Objections are OVERRULED.

IT IS FURTHER ORDERED that Respondent's Motion to Expand the Record **[Doc. No. 68]** is DENIED.

IT IS FURTHER ORDERED that the Motions for Extension of Time filed by the parties

**[Doc. Nos. 55, 60, and 64]** are GRANTED, given that the Magistrate Judge considered these briefs and documents in issuing the Report and Recommendation.

IT IS FURTHER ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS CONDITIONALLY GRANTED. The Respondent must afford Petitioner a new trial within ninety (90) days of the date of this Opinion, unless an appeal is taken. Otherwise, if this Court is affirmed, within ninety (90) days after any appellate avenues are exhausted and a mandate issued, Respondent must afford Petitioner a new trial or Petitioner may apply for a writ ordering Respondent to release Petitioner from custody.

IT IS FURTHER ORDERED that Respondent serve a copy of this Opinion and Order to the appropriate State Court and Prosecuting Attorney within fourteen (14) days' after receipt of this Opinion and Order. Respondent must file a proof of service with the Court.

    S/Denise Page Hood
    Denise Page Hood
    United States District Judge

Dated: January 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2012, by electronic and/or ordinary mail.

    S/LaShawn R. Saulsberry
    Case Manager