**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC POWELL,

    Petitioner,                                   Case No. 05-CV-71345-DT

v.

                                                     HONORABLE DENISE PAGE HOOD

CAROL R. HOWES,

    Respondent.

_____/

**ORDER REGARDING MOTION FOR BOND PENDING APPEAL**

On January 31, 2012, a Judgment and Order was filed conditionally granting the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The Order stated that unless the Respondent took action to afford Petitioner a new trial within ninety (90) days from the date of the Order, unless an appeal is taken, Petitioner may apply for a writ ordering Respondent to release him from custody. (Doc. No. 71) On February 14, 2012, Respondent filed a Notice of Appeal. Petitioner filed a Motion for Bond Pending Appeal on February 16, 2012.

Conditional grants of a writ of habeas corpus provide the state with a window of time within which it may cure the constitutional error. *Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006). Conditional grants of the writ are favored since they provide the state an opportunity to cure its constitutional errors and maintain comity among co-equal sovereigns. *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987). The only distinction between a conditional and an absolute grant of the writ of habeas corpus is that the conditional writ "lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir. 2006). "When the state fails to cure the error, *i.e.,* when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus requires the petitioner's release from

custody.'" *Satterlee,* 453 F.3d at 369. The conditional nature of the writ places within the district court the power to determine that its order has been substantially complied with and whether release is or is not warranted. *See Gentry,* 456 F.3d at 692 ("A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case."). The time provision in the order granting the habeas petition does not limit the state's right to retry a petitioner but is solely a guide for when the petitioner must be released. *Fisher v. Rose,* 757 F.2d 789, 791 (6th Cir. 1985). Even if a writ does not indicate whether the petitioner may be released pending appeal, it is "contemplated that the writ would not issue until after final decision by the Supreme Court" and that commencing retrial before the Supreme Court rules would be an unreasonable waste of judicial resources. *Rose v. Engle,* 803 F.2d 721, 1986 WL 16122 (6th Cir. Sept. 9, 1986) (unpublished).

Habeas proceedings are civil in nature, therefore, the general standards governing stays of civil judgments should also guide the courts in determining whether to release a habeas petitioner pending the state's appeal. *Hilton,* 481 U.S. at 776. The factors relevant to the issuance of a stay include: whether the stay applicant has made a strong showing that he is likely to succeed on the merits; whether the stay applicant will be irreparably injured absent a stay; whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies. *Id.* Other factors in determining whether to stay an order granting relief to a habeas petitioner include: petitioner's risk of flight; the risk that petitioner would pose a danger to the public if released; the state's interest in continuing custody and rehabilitation of the petitioner; the interest of the habeas petitioner in his release pending appeal; and the likelihood of the state's success on the merits of the appeal. *Id.* at 777. The interests of the habeas petitioner in release

pending appeal, while always substantial, will be strongest where the other factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success on its appeal. *Id.* at 778. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the release of the petitioner should control. *Id.* The factors are weighed below.

Respondent argues that the state will likely succeed on the merits. The Court finds that based on its decision, Respondent is not likely to succeed on the merits. However, the Court recognizes that the Sixth Circuit Court of Appeals may disagree with this Court's analysis. Although this factor does not strongly weigh in favor of Respondent, at the very least, Respondent has demonstrated "a substantial case on the merits." *Hilton,* 481 U.S. at 778.

Respondent next argues that the state will be irreparably injured absent a stay claiming that the state has an interest in continuing custody of Petitioner because he may be a flight risk and poses a risk to the public. Respondent asserts that Petitioner has a criminal history extending almost seven years prior to the convictions at issue in this case and failed to abide by conditions of probation and/or parole. Petitioner in this case was sentenced to 16 1/2 years to 75 years of imprisonment, a substantial amount of time. Respondent has shown that the state would be irreparably harmed if the stay is not issued. In addition, the Sixth Circuit has noted that it would be a waste of judicial resources to retry Petitioner while awaiting appellate review of this Court's decision. *Rose, supra.*

As to the substantial injury to the other interested parties factor, the Court finds that the habeas petitioner's interest in release pending appeal is always substantial.

Regarding the public interest factor, while Petitioner has a constitutional right to be free

from a wrongful conviction, the public also has a strong interest in judicial economy in allowing the Respondent to pursue an appeal.

Weighing the factors set forth above, the Court finds that the factors weigh in favor of staying the conditional writ and not allowing Petitioner to be released from Respondent's custody until all appellate avenues have been pursued by Respondent.

Accordingly,

IT IS ORDERED that Petitioner's Motion for Bond Pending Appeal **(Doc. No. 77, filed February 16, 2012)** is DENIED.

IT IS FURTHER ORDERED that the Sealed Motion to Seal **(Doc. No. 79, filed February 21, 2012)** is GRANTED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager